**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| TRACY C. SHEPPARD, A/K/A CAMILLE SHEPPARD, <br><br>  Plaintiff, <br><br> v. <br><br> DELAWARE LIFE INSURANCE COMPANY, <br><br>  Defendant. | Case No. _____ <br><br> Judge _____ <br><br> JURY DEMANDED |

**DEFENDANT DELAWARE LIFE INSURANCE
COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION
TO UNITED STATES DISTRICT COURT**

Defendant Delaware Life Insurance Company ("Defendant" or "Delaware Life") hereby removes this civil action brought by Plaintiff Tracy C. Sheppard a/k/a Camille Sheppard ("Plaintiff") from the State Court of Gwinnett County, Georgia to the United States District Court for the Northern District of Georgia, based on diversity jurisdiction pursuant to 28 U.S.C. §§1332 and 1441. Defendant does not waive any available defenses and specifically preserves the right to later object and move on the basis of all available defenses. In support of its removal, Defendant states as follows:

    **A.**    **The State Court Action.**

    1.    On June 19, 2024, Plaintiff filed a civil Complaint against Defendant in the State Court of Gwinnett County, Georgia, captioned as *Tracy C. Sheppard a/k/a Camille Sheppard v. Delaware Life Insurance Company*, Civil Action No. 24-C-

05545-S7 (the "Complaint"). Defendant was served with a copy of the Summons and the Complaint through its registered agent on June 25, 2024. True and correct copies of the Summons, Complaint, Civil Case Filing Form, and Sheriff's Entry of Service are attached as composite Exhibit "A".

2. Defendant certifies that no other pleadings, process or orders have been served on it at the time this Notice of Removal is filed. There are no other Defendants in this matter.

**B.  Removal is Timely.**

3. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446 because it is filed in this Court within the statutory 30-day period after Defendant's receipt of the Complaint and/or other "paper" from which it could first be ascertained that this case is one which is removable, and within one (1) year of the commencement of this action. 28 U.S.C. §§ 1446(b) and 1446(c).

4. Plaintiff's Complaint was served on Defendant's registered agent on June 25, 2024. In her Complaint, Plaintiff prays for various forms of relief, including, but not limited to restitution returning her $600,000 investment (plus interest); as well as alleged: overcharges on the surrender of the subject annuity, damages suffered because the subject annuity was not a suitable investment, damages for the unauthorized auto renewal of an older annuity, and damages resulting from the lost

opportunity to invest the money in the older annuity at a higher rate of return; plus punitive damages and attorneys' fees. *See*, Complaint, ¶¶31, 33-34, and 36-38 & Prayer for Relief. Accordingly, pursuant to 28 U.S.C. § 1446(b)(1), the statutory 30-day period for Defendant to remove this case began running, at the earliest, upon service of the Complaint on June 25, 2024, and runs through (at least) July 25, 2024.

5.  Furthermore, to the extent there may be any question whether the allegations in the Complaint sufficiently establish that the amount in controversy exceeds $75,000.00 such that the case is removable, on July 22, 2024, Plaintiff also provided, through counsel, a post-suit written settlement demand to Defendant's counsel in the amount of "$116,000" to settle this case.[1] *See* Declaration of Jeffrey J. Costolnick, Esq., ¶5 (filed contemporaneously herewith). While Defendant does not admit liability and denies Plaintiff is entitled to any relief or recovery whatsoever, Plaintiff's post-suit settlement demand constitutes "other paper" received by Defendant which further establishes by a preponderance of evidence that the amount-in-controversy requirement is met. *Id*., ¶6; *see also Golden Apple Mgmt. Co. v. GEAC Computers, Inc.*, 990 F. Supp. 1364, 1369 (M.D. Ala. 1998) (concluding settlement negotiation letter from plaintiff was "other paper" from which defendant

---

[1] Offered pursuant to Fed. R. Evid. 408(b) for purposes of establishing the amount-in-controversy requirement under 28 U.S.C. §§ 1332 and 1446(b).

could first ascertain that case was removable to federal court); *Butler v. Rue 21, Inc.*, No. 1:11-CV-09, 2011 WL 882782, at *7 (E.D. Tenn. Mar. 11, 2011) (plaintiff's demand letter was "other paper" upon which the defendant could ascertain the case was removable); *Saberton v. Sears Roebuck & Co.*, 392 F. Supp. 2d 1358, 1360 (M.D. Fla. 2005) (confirming "case law permits the use of post-suit demand letters in determining the amount in controversy requirement…"). In that case, under 28 U.S.C. § 1446(b)(3), the statutory 30-day period for Defendant to remove this case began running on July 22, 2024, and runs through August 21, 2024. This removal is being filed within both time limits and within 1 year after commencement of the action. 28 U.S.C. §§ 1446(c)(1).

    **C**.    **Venue is Proper.**

6.    The State Court of Gwinnett County, Georgia is located within the Northern District of Georgia, Atlanta Division.  28 U.S.C. § 90(a)(2).  Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  U.S.C. § 1441(a).

    **D**.    **Removal is Proper Under 28 U.S.C. § 1332.**

7.    Pursuant to 28 U.S.C. § 1332, a civil action may be removed to the United States District Court if (1) the case is between citizens of different states and

(2) the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

8.  As set forth in the Complaint, Defendant is a foreign insurance company organized under the laws of the State of Delaware with its principal place of business in Zionsville, Indiana. *See* Complaint, ¶1; Declaration of Shawn Ardizone, ¶4 (filed contemporaneously herewith). Defendant is not a citizen of Georgia. Pursuant to 28 U.S.C. § 1332 (c), for diversity purposes a corporation is a citizen of (1) the state under whose laws it has been incorporated; and (2) the state in which it maintains its "principal place of business." 28 U.S.C. § 1332 (c)(1). Accordingly, Defendant is a citizen of Delaware and Indiana. *See id*.

9.  While Plaintiff, who is an individual, chose not to identify her citizenship in her Complaint, Plaintiff's Application for the subject annuity contract she signed on May 12, 2022 and her annuity Withdrawal Request signed on August 11, 2023, which documents serve in part as a basis for Plaintiff's claims in this lawsuit, demonstrate that Plaintiff resides in and is a citizen of the state of Georgia. *See* Ardizone Declaration, ¶¶5-7; Exhs. 1-3. *See e.g.*, *Arnold v. Leavy Bros. Moving & Storage, Inc.*, No. 3:22-CV-427-BJD-JBT, 2023 WL 2347488, at *2 (M.D. Fla. Mar. 3, 2023) (holding materials and information such as a crash report, attorney location, plaintiff's telephone number, plaintiff's location at the time of the incident,

and plaintiff's residence location, "strongly suggest" plaintiff's citizenship was diverse from defendants). These documents show Plaintiff's residence at the time of her application for the annuity and withdrawal of the annuity was in Atlanta, Georgia, and her telephone number contains a Georgia (404) area code. *Id*. Plaintiff also signed the Application in Atlanta, Georgia. *See id*. at 6. Plaintiff's attorney is also located in Georgia. *See* Complaint (signature). Additionally, Georgia Secretary of State records reveal that Plaintiff has a business in Georgia, for which she is listed as the CEO, CFO, and Secretary, at a similar Atlanta address. *See* Ardizone Declaration, ¶7.

10. The parties are completely diverse.

11. While Defendant does not admit liability and denies that Plaintiff is entitled to any relief or recovery whatsoever, as set forth in Paragraphs 4 and 5 above, the amount-in-controversy requirement is satisfied in this case. Supporting evidence of the amount-in-controversy requirement may be shown by Plaintiff's alleged damages in the Complaint or by written demand for settlement. *See* 28 U.S.C. § 1446(c)(2); *Butler*, 2011 WL 882782, at *7. Here, Plaintiff's claims for damages in the Complaint exceeding $600,000, and her written settlement demand in the amount of $116,000, prove by a preponderance of evidence that the amount-in-controversy requirement is met.

12. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because this lawsuit is between citizens of different states and the amount in controversy exceeds the value of $75,000.00, exclusive of costs and interest. Accordingly, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a) and (b).

### E. Notice Filed in State Court.

13. In accordance with the requirements of 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the State Court of Gwinnett County, Georgia and a copy is being served on Plaintiff. A copy of the Notice of Filing of Notice of Removal being filed in said court is attached as Exhibit "B."

14. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that it issue an Order to Show Cause so that it may have an opportunity to brief the Court on the basis for this removal.

WHEREFORE, because complete diversity of citizenship exists between Plaintiff and Defendant and the amount in controversy between the parties exceeds $75,000.00, exclusive of interests and costs, this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1), and Defendant hereby removes this action to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 24th day of July, 2024.

                OGLETREE, DEAKINS, NASH,
                  SMOAK & STEWART, P. C.

                */s/ Jeffrey J. Costolnick*
                Jeffrey J. Costolnick
                Georgia Bar No. 637168
                jeffrey.costolnick@ogletree.com
                One Ninety-One Peachtree Tower,
                191 Peachtree Street, N.E., Suite 4800
                Atlanta, Georgia  30303
                Phone: 404-881-1300
                Fax: 404-870-1732

                *Attorneys for Defendant Delaware Life Insurance Company*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TRACY C. SHEPPARD, A/K/A CAMILLE SHEPPARD,<br><br>    Plaintiff,<br><br>v.<br><br>DELAWARE LIFE INSURANCE COMPANY,<br><br>    Defendant. | Case No. _____<br><br>Judge _____<br><br>**JURY DEMANDED** |

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of July, 2024, I caused to be electronically filed the foregoing **Defendant Delaware Life Insurance Company's Notice of Removal of Civil Action to United States District Court** with the Clerk of Court using the CM/ECF system and also served the foregoing by e-mail and depositing a copy in the United States Mail, with sufficient postage affixed thereto, addressed as follows:

Charles M. Dalziel, Jr.
DALZIEL LAW FIRM
680 Village Trace NE
Building 20E
Marietta, GA 30067
chuck@dalziellawfirm.com

                                            */s/ Jeffrey J. Costolnick*
                                            Jeffrey J. Costolnick