# EXHIBIT A

Case 1:24-cv-03283-SEG   Document 1-1   Filed 07/24/24   Page 2 of 17

E-FILED IN OFFICE - JH
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**24-C-05545-S7**
**6/19/2024 7:44 PM**
TIANA P. GARNER, CLERK

# General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of  Gwinnett State Court  County

**For Clerk Use Only**

Date Filed _____          Case Number  24-C-05545-S7
MM-DD-YYYY

**Plaintiff(s)**
Tracy Camille Sheppard
Last   First   Middle I.   Suffix   Prefix

**Defendant(s)**
Delaware Life Insurance Company
Last   First   Middle I.   Suffix   Prefix

**Plaintiff's Attorney**  Charles Meredith Dalziel     **State Bar Number** _____   **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☒ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
Case Number         Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☒ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
N/A

Version 1.1.20

Case 1:24-cv-03283-SEG   Document 1-1   Filed 07/24/24   Page 3 of 17

E-FILED IN OFFICE - JH
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**24-C-05545-S7**
**6/19/2024 7:44 PM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

TRACY C. SHEPPARD, a/k/a

CAMILLE SHEPPARD,

    Plaintiff,

Vs.

DELAWARE LIFE INSURANCE COMPANY,

    Defendant.

CIVIL ACTION FILE NO.
24-C-05545-S7

## COMPLAINT

Tracy C. Sheppard, a/k/a Camille Sheppard, Plaintiff in the above-styled action ("Sheppard"), states the following as her Complaint in the above-styled action:

1.

Delaware Life Insurance Company ("Delaware") is an insurance company organized under the laws of Delaware with its principal office located at 10555 Group 1001 Way, Zionsville, Indiana 46077. Delaware is authorized to do business in Georgia, and its registered agent is Amelia Garner, c/o CT Corporation System, 289 South Culver Street, Laqwrenceville GA 30046. Delaware is subject to the jurisdiction of this Court.

2.

Venue is proper in this Court as Delaware resides in Gwinnett County for venue purposes, as its registered agent is maintained in Gwinnett County.

3.

Through its agent in Georgia, Delaware sold Sheppard a Fixed Annuity called a Pinnacle MYGA which bore Contract Number 8674124577 and had an issue date of May 19, 2022 (the "Annuity").

4.

Sheppard paid a premium of $600,000 for the Annuity in a lump sum.

5.

Delaware's agent, and therefore Delaware, owed a fiduciary duty to Sheppard in selling her the Annuity.

6.

In discharging its fiduciary duty to Sheppard, Delaware had Sheppard, through its agent, complete a "Consumer Profile Fixed and Index Annuities" form "to help ensure that the annuity you are purchasing is appropriate based on your insurance needs and financial objectives."

7.

Delaware reserved the right to deny Sheppard's application for the Annuity if Delaware determined that the annuity was not "suitable" for Sheppard.

8.

The suitability determination that Delaware states it is making is required as a part of the discharge of its fiduciary duty to purchasers of annuities such as Sheppard.

9.

The annuity that Sheppard was sold was a cash accumulation vehicle, not the purchase of an income stream.

10.

At the time she bought the annuity, Sheppard was 65 years old.

11.

Traditionally, what an annuity is intended to provide is a guaranteed future income stream. The insurer agrees to pay the buyer of an annuity a set amount on a recurring basis.

12.

In contrast to the usual structure of an annuity, Delaware set the annuity it sold to Sheppard up to accumulate cash through the "income date" thirty years into the future (May 19, 2052), when Sheppard would be 95 years old.

13.

Sheppard on the "Consumer Profile Fixed and Index Annuities" form noted that her objectives in purchasing the annuity were "preservation of capital" and guaranteed interest rate.

14.

Sheppard's annuity was set up with a three-year guaranteed interest rate of 3.30% and surrender charges of 7% in the first year, 6% in the second year, and 5% in the third year.

15.

On May 17, 2022, Sheppard delivered to Delaware Life's agent an official check from LGE Community Credit Union in the amount of $600,000 for the annuity contract which bore number 8674124577.

16.

Delaware knew from its agent at the time it sold Sheppard the annuity that Sheppard was moving money from an interest-bearing account at LGE Community

Credit Union into the Annuity with the surrender charges even though she had been sidelining the money for the purchase of a home.

17.

Delaware did not make sufficient disclosure of the amounts that were withdrawn from the money invested in the Annuity when Sheppard asked that her money be returned in August 2023 and the amounts that were withdrawn were in excess of those permitted by the Annuity Contract.

18.

Specifically, when Sheppard asked for the withdrawal in August 2023, she was entitled to a "free withdrawal" of 10% of the contract's value at that time, which should have been $619,800.00 at the end of year one, or at May 19, 2023. The free withdrawal then should have been of at least $61,980.00.

19.

In addition, the surrender charge should have been 6% of the remaining account balance after the free withdrawal, or approximately $557,820.00. Six percent of that figure would have been approximately $33,469.20.

20.

Therefore, the proper math for the return of the money in the Annuity to Sheppard in August 2023 should have been, conservatively, $619,800.00 minus $33,469.20, or $586,330.80.

21.

Delaware instead started its calculations of the amount Sheppard was due at approximately $562,000, a loss of Sheppard's principal of $38,000. Then, it applied other charges so that Sheppard's distribution from the Annuity was slightly over $512,000, $512,330.30 to be exact.

22.

The guaranteed cash surrender value of the Annuity on May 19, 2023, was $576,414.00. The guaranteed cash surrender value of the Annuity on May 19, 2024, was $605,557.00. The guaranteed cash surrender value of the Annuity on the actual surrender date was over $582,000.

23.

Delaware's breach of the Annuity contract was the proximate cause of a loss to Sheppard in an amount to be proven at trial, but not less than $70,000.

24.

Alternatively, Delaware's breach of its fiduciary duty to Sheppard was the proximate cause of a loss to Sheppard in an amount to be proven at trial, but not less than $70,000.

25.

Delaware also committed fraud on Sheppard by falsely claiming that Sheppard had authorized its agent to renew another annuity she had purchased. Specifically, its agent falsely claimed that Sheppard had decided to renew that annuity at a rate of 2.45% for five years.

26.

Sheppard was unaware of the renewal date of the annuity as claimed by Delaware and did not have the conversation with Delaware's agent about the renewal that Delaware claims she had.

27.

Sheppard did not discover the renewal until December, 2023.

28.

In actuality, at the time of the renewal, Sheppard was having liquidity problems and sold her car to CarMax in the exact time frame when she purportedly renewed the annuity at a very low interest rate.

29.

Delaware breached its fiduciary duty to Sheppard by not providing her with other investment options besides the auto-renewal and by actually claiming, falsely, that Sheppard had authorized the auto-renewal.

30.

Sheppard is entitled to recover damages from Delaware in an amount to be proven at trial for the fraud and breach of fiduciary duty caused by the auto-renewal without her permission.

## COUNT ONE

31.

Delaware is liable to Sheppard for breach of fiduciary duty in an amount to be proven at trial, including but not limited to the overcharges on the surrender of the Annuity, for the damages Sheppard suffered because the Annuity was not a suitable investment given her investment objectives, and damages for the unauthorized auto renewal of the older annuity.

## COUNT TWO

32.

Given that Sheppard was at or over the age of 60 at the time of Delaware's tortious actions, Delaware violated the Unfair or Deceptive Practices Toward the Elderly Statute, OCGA 10-1-850.

33.

Accordingly, Sheppard is entitled to recover the actual damages she suffered resulting from Delaware's actions, and/or an order of restitution in effect returning to Sheppard her entire $600,000 investment plus interest until the date restitution is made.

34.

Delaware is also liable to Sheppard under the Unfair or Deceptive Practices Toward the Elderly Statute, OCGA 10-1-850 for punitive damages and reasonable attorneys' fees.

## COUNT THREE

35.

Sheppard is entitled to a judgment in an amount to be proven at trial for the damages which were proximately caused by the breach of contract by Delaware in misapplying the terms of the Annuity Contract so that the starting number in calculating the distribution to Sheppard was $562,000.00 shorting Sheppard in the approximate amount of $70,000.

## COUNT FOUR

36.

Sheppard is entitled to recover damages from Delaware for its breach of fiduciary duty and its fraud in auto-renewing the older annuity and concealing the fact that it had been renewed and for falsely claiming that Sheppard had actually authorized the renewal, when she did not, including but not limited to damages resulting from the lost opportunity to invest the money in the older annuity at a higher rate of return.

## COUNT FIVE

37.

Delaware has acted in bad faith and have caused Sheppard unnecessary trouble and expense. Accordingly, Delaware is liable to Sheppard in an amount to be proven at trial for her expenses of litigation, including reasonable attorneys' fees, under OCGA 13-6-11.

## COUNT SIX

38.

Delaware has acted with malice toward Sheppard and with an entire want of care such as constitutes a conscious indifference to the consequences of its actions, such that it is liable to Sheppard for punitive damages under OCGA 51-12-5.1.

WHEREFORE, Sheppard respectfully prays that appropriate judgments be entered in her favor in the amounts determined in the enlightened conscience of the jury on each count of this complaint as described above, that civil penalties be imposed on Delaware under the Elder /Disabled Person Act, and that she be granted such other and further relief as the Court deems proper.

## SHEPPARD DEMANDS A JURY TRIAL.

This 19th day of June, 2024.

**DALZIEL LAW FIRM**

*s/Charles M. Dalziel, jr.*

Charles M. Dalziel, Jr.

Georgia Bar No. 203730

680 Village Trace NE

Building 20E

Marietta, Georgia 30067

(404) 735-0438

Attorney for Plaintiff

Case 1:24-cv-03283-SEG    Document 1-1    Filed 07/24/24    Page 15 of 17

E-FILED IN OFFICE - JH
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**24-C-05545-S7**
**6/19/2024 7:44 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**TRACY C. SHEPPARD,**
**a/k/a CAMILLE SHEPPARD**

PLAINTIFF

CIVIL ACTION NUMBER: 24-C-05545-S7

VS.

**DELAWARE LIFE INSURANCE COMPANY**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Charles M. Dalziel, Jr., Dalziel Law Firm, 680 Village Trace NE, Building 20E, Marietta GA 30067

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of 20th day of June, 2024 , 20____.

Tiana P. Garner
**Clerk of State Court**

By _____
**Deputy Clerk**

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on *this sheet if addendum sheet* is used.

SC-1 Rev. 2011

Civil Action No. **24-C-05545-S7**

Date Filed **06/19/2024**

Magistrate Court ☐
Superior Court ☐
State Court ☒

Georgia, Gwinnett County

**TRACY C. SHEPPARD a/k/a CAMILLE SHEPPARD**
Plaintiff

Attorney's Address
Charles M Dalziel Jr
Dalziel Law Firm
680 Village Trace NE
Building 20E Marietta GA 30067

vs.

**DELAWARE LIFE INSURANCE COMPANY**
Defendant

Name and Address of party to be served.
Delaware Life Insurance Company
c/o Amelia Garner CT Corp System
289 South Culver Street
Lawrenceville GA 30046

Garnishee

## Sheriff's Entry Of Service

**Personal ☐** I have this day served the defendant _____ personally with a copy of the within action and summons.

**Notorious ☐** I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County. Delivered same into hands of _____ described as follows age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**Corporation ☒** Served the defendant **Delaware Life Insurance Company** a corporation by leaving a copy of the within action and summons with **Jane Richardson** in charge of the office and place of doing business of said Corporation in this County.

**Tack & Mail ☐** I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**Non Est ☐** Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This **25** day of **June**, 20**24**.

_____ 50300
Deputy

Sheriff Docket _____ Page _____

_____
Gwinnett County, Georgia

WHITE: Clerk          CANARY: Plaintiff / Attorney          PINK: Defendant

SC-2 Rev.3.13

# Gwinnett County Sheriff's Office
## Cover Sheet



**Sheriff #:**  24020211

**Person Served:**  DELAWARE LIFE INSURANCE CO
RA AMELIA GARNER
289 S CULVER ST
LAWRENCEVILLE GA 30046
PHONE:

## Process Information:

| | | | |
|---|---|---|---|
| Date Received: | 06/24/2024 | | |
| Assigned Zone: | 289 S. Culver | Court Case #: | 24-C-05545-S7 |
| Expiration Date: | | Hearing Date: | |
| Paper Types: | COMPLAINT | | |
| Notes/Alerts: | | | |

**Notes:**